

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

| | | |
|---|---|---|
| Dorothy Manning Taylor<br>Assistant United States Attorney | *Hale Boggs Federal Building*<br>*501 Magazine Street, Second Floor*<br>*New Orleans, LA  70130* | *Telephone: (504) 680-3083*<br>*Fax: (504) 589-4510* |

June 18, 2010

Mr. Michael Chalos
Chalos, O'Connor & Duffy
366 Main Street
Port Washington, New York 11050

      Re:    *United States v. Stanships, Inc.*
             <u>Criminal No. 10-172 "C"</u>

Dear Mr. Chalos:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974) and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement which was reached between the Government and Stanships, Inc. (Stanships), the defendant in the above-captioned proceeding. As defendant's counsel, you have reviewed the terms of this agreement and have been advised by the defendant that the defendant fully understands the terms of this agreement. The defendant waives its right to be indicted before a grand jury and agrees to sign a waiver of that right.

      The Government intends to file a two count Bill of Information charging the defendant Stanships with a knowing failure to fully maintain an accurate Oil Record Book, in violation of the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1908(a), and a knowing discharge of a harmful quantity of oil into the navigable waters of the United States, in violation of the Clean Water Act, 33 U.S.C.§ § 1908(a) and 1321(b)(3) and 1319(c)( 2)(A), respectively. The defendant understands that the maximum penalty it faces is a maximum fine of the greater of $500,000 or twice the gain or loss resulting from the criminal offense under 18 U.S.C. § 3571 for each count.

      The defendant Stanships also agrees to file with the Court written approval by the defendant manifesting its intention and agreement to be bound by corporate authorization, and to have a duly authorized corporate representative appear to enter the plea of guilty on behalf of the defendant Stanships. A copy of this written authorization shall be attached hereto as Attachment A.

      The defendant understands that restitution is mandatory in criminal cases. The parties are not aware of any restitution applicable in this matter.

Mr. Michael Chalos
June 18, 2010
Page 2

Further, the defendant Stanships understands that a mandatory special assessment fee of $400.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the defendant agree and stipulate to the following plea and sentence applicable to this case:

(1) The defendant Stanships shall plead guilty to the two count Bill of Information charging it with violations of the Act to Prevent Pollution from Ships, 33 U.S.C. § 1908(a) and Clean Water Act, 33 U.S.C. §§ 1321(b)(3) and 1319(c)(2)(A), arising from the acts and omissions of the defendants agents and employees, acting within the scope of their agency and employment for the benefit of the defendant, and specifically: (1) knowing failure to maintain an accurate Oil Record Book, and (2) discharge of oil in the waters of the United States, as more thoroughly described in a mutually acceptable Statement of Facts submitted herewith;

(2) The defendant Stanships shall pay a total criminal penalty of $700,000, of which the criminal fine will be five hundred and twenty-five thousand dollars ($525,000). The parties stipulate for the purposes of settlement, that the criminal fine of $525,000 for Counts One and Two is appropriate pursuant to 18 U.S.C. § 3571(d);

(3) The defendant Stanships shall make a community service payment of one hundred and seventy-five thousand dollars ($175,000), in furtherance of satisfying the sentencing principles provided for under 18 U.S.C. §3553(a). The parties agree that this portion of the community service funds shall be paid to the National Fish and Wildlife Fund and earmarked for the purpose of funding habitat conservation, protection, restoration and management projects to benefit fish and wildlife resources and the habitats on which they depend in the Eastern District of Louisiana. Because the community service payment is designated as community service by an organization, the defendant agrees that it will not seek any reduction in its tax obligations as a result of these payments. In addition, since the payment constitutes community service, the defendant will not characterize, publicize, or refer to the payment as a voluntary donation or contribution.

(4) The defendant Stanships shall be placed on probation for a term of three (3) years. As a condition of probation, the defendant shall be in compliance with all requirements of the Environmental Compliance Plan ("ECP") which is attached hereto as Attachment B, and fully incorporated into this agreement.

Mr. Michael Chalos
June 18, 2010
Page 3

(5) In exchange for the defendant's guilty plea, the United States Attorneys Office for the Eastern District of Louisiana and the Environmental Crimes Section of the U.S. Department of Justice agrees not to criminally prosecute the defendant in the Eastern District of Louisiana for any environmental offenses related to the *M/V Doric Glory* in addition to those set forth in the Bill of Information and that are known to the Government at the time of the signing of this Agreement, including the activities described in paragraph (1) and more specifically set forth in a Statement of Facts to be filed with the Court. Defendant understands and agrees that neither this paragraph nor this Agreement limits the prosecuting authority of any sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This Agreement applies only to crimes committed by the Defendant and has no effect on any proceedings against any others, including the actual or potential criminal liability of any individuals;

(6) The defendant Stanships shall also pay a mandatory special assessment totaling $800.00 under the provisions of 18 U.S.C. § 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void;

(7) The defendant Stanships stipulates that the $500,000 being held in escrow pursuant to the security agreement between Stanships and the United States Coast Guard shall be released on the date of sentencing as follows: $175,000 to the National Fish and Wildlife Fund and the balance due toward the criminal fine. The remainder of funds owed will be paid within one (1) year of the date of sentencing with interest per the Federal rules. Failure to perfect the guilty plea set forth herein through sentencing, shall result in the forfeiture of the $500,000 being held in escrow.

The parties have entered into this plea agreement under Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure with the understanding that the Court will accept or reject the agreement but many not modify its terms. If the District Court modifies any portion of the plea agreement, the parties have a right to withdraw the guilty plea.

Mr. Michael Chalos
June 18, 2010
Page 4

Except as otherwise provided in this paragraph, the defendant Stanships hereby expressly waives the right to appeal this sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest this sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant Stanships, however, reserves the right to appeal any sentence imposed that does not comply with the above stipulated sentence.

The defendant Stanships further waives any right to seek attorney's fees and/or other litigation expense under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

Further, the defendant understands that any discussions with the defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes.

The defendant understands that the statements set forth above and the factual basis to be filed in the record represent defendant's entire agreement with the Government and that there are no other agreements, letters of notations that will affect this agreement.

Very truly yours,

IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL
Environment & Natural Resources Division
U.S. Department of Justice

_____
RICHARD UDELL                    Date
Senior Trial Attorney
Environmental Crimes Section

JIM LETTEN
UNITED STATES ATTORNEY


_____
DOROTHY MANNING TAYLOR      Date
Assistant United States Attorney

As an authorized representative of Defendant Stanships Inc., I have read this Agreement and

Mr. Michael Chalos
June 18, 2010
Page 5

carefully discussed every part of it with Stanships' criminal defense counsel. I understand the terms of this Agreement, including the Environmental Compliance Plan, and Stanships voluntarily agrees to these terms. Stanships' attorneys have advised me of Stanships' rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to Stanships other than those contained in this Agreement. No one has threatened or forced Stanships in any way to enter into this Agreement.

_____   6/18/10
Authorized Representative         Date
STANSHIPS INC.
Defendant

    I am counsel for Stanships Inc. I have carefully discussed every part of this Agreement with the authorized representatives of Stanships Inc. Further, I have fully advised the authorized representatives of Stanships' rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the decision of Stanships Inc. to enter into this Agreement is an informed and voluntary one.

_____   6/18/10
Michael G. Chalos                 Date
Defense Counsel
Stanships Inc.